UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br> Plaintiff, <br> v. <br> JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.203.252.48, <br> Defendant. | Case No.18-cv-03080-VKD <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA** <br> Re: Dkt. No. 9 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks leave to serve a third party subpoena on AT&T U-verse ("AT&T") prior to a Rule 26(f) conference.

Strike 3 has established that good cause exists for it to serve a third party subpoena on AT&T, the above-referenced subscriber's internet service provider. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recording, Inc. v. Doe*, No. C08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal., Sept. 3, 2008). Strike 3 has demonstrated that (1) it can identify the defendant with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court, (2) it has identified previous steps taken to locate the elusive defendant, (3) its action against the defendant could withstand a motion to dismiss, and (4) there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

Accordingly, the Court grants Strike 3's application and orders as follows:

1. Strike 3 may serve a Rule 45 subpoena on AT&T commanding AT&T to provide Strike 3 with the true name and address of the subscriber to whom AT&T assigned IP address

107.203.252.48.  Strike 3 shall attach a copy of this order to any such subpoena.

2. AT&T shall serve a copy of the subpoena and a copy of this order on the subscriber within 30 days of the date of service of the subpoena on AT&T.  AT&T may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on AT&T for the purpose of protecting and enforcing Strike 3's rights as set forth in its complaint.

4. AT&T may object to the Rule 45 subpoena, and may also seek a protective order.

5. If AT&T produces information regarding the identity of the subscriber to Strike 3, Strike 3 shall not publicly disclose that information absent consent of the subscriber or leave of court.

**IT IS SO ORDERED.**

Dated:   August 6, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge